## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS E. MEDERO GONZÁLEZ, <br><br> PLAINTIFF, <br><br> v. <br><br> THE BALDWIN SCHOOL OF PUERTO RICO; ABC INSURANCE COMPANY; JOHN DOE, <br><br> DEFENDANTS. | CIVIL NO. <br><br> JURY DEMAND <br><br> NATIONAL ORIGIN AND/OR RACE AND/OR COLOR DISCRIMINATION; RETALIATION; UNJUST DISMISSAL; PUERTO RICO ACT NO. 100 OF JUNE 30 OF 1959, 29 L.P.R.A § 146, ET SEQ.; PUERTO RICO ACT NO. 115 OF DECEMBER 20 OF 1991; CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO. |

## **COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now plaintiff, LUIS E. MEDERO GONZÁLEZ, through the undersigned attorneys, and very respectfully, states, alleges and prays as follows:

### JURISDICTION AND VENUE

1. This is a Civil Action for damages brought pursuant to Title VII of the Civil Rights Act of 1964; Puerto Rico Law No. 100 of June 30 of 1959; Puerto Rico Law No. 115 of December 20 of 1991 and Puerto Rico Law No. 80 of May 30, 1976.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§ 1331 and 1367, inasmuch as it arises under the Title VII of the Civil Rights Act of 1964.

3. Plaintiff has complied with all the jurisdictional prerequisites to an action under Title VII, as follows:

      a.      On August 12, 2019 Plaintiff filed a Charge of Retaliation with the Equal Employment Opportunity Commission of Puerto Rico, hereinafter "EEOC", claiming that he had been retaliated against in violation of Title VII after he participated in protected activity during a meeting held on July 2019 with The Baldwin School of Puerto Rico Inc.'s Human Resources Director and his immediate Supervisor (Charge No. 515-2019-00482).

      b.      On February 19, 2020 Plaintiff filed another Charge of Retaliation with the EEOC, claiming that The Baldwin School of Puerto Rico, Inc. intensified its retaliatory actions when Plaintiff's employment was terminated (Charge No. 515-2020-00224).

      c.      On April 23, 2020 the EEOC issued a probable cause determination on both charges.

      d.      On August 26, 2020 the EEOC issued the Notice of Right to Sue regarding both charges.

      e.      Plaintiff is thus timely filing this action within ninety (90) days of the receipt of the Notice of Right to Sue.

4. Venue is proper pursuant 28 U.S.C.A. § 1391 (a). This is the judicial district where the events or omissions giving rise to the claim occurred.

## SUPPLEMENTAL FEDERAL JURISDICTION

5. Supplemental Jurisdiction is invoked by Plaintiff to hear and decide pendent claims arising under Law No. 100 of June 30, 1959, Law No. 80 of May 30, 1976, and Law No. 115 of December 20 of 1991, of the laws of the Commonwealth of Puerto Rico.

**PARTIES**

6. Luis E. Medero González, hereinafter "Luis" or "Plaintiff", is of legal age, married and resident of Palacios del Rio 1 # 592, Calle Yunes #O-18, Toa Alta, PR 00953. His telephone number is 787-673-5050.

7. The Baldwin School of Puerto Rico, Inc., was at all times relevant to this Complaint Luis' employer.

8. The Baldwin School of Puerto Rico, Inc., hereinafter "Baldwin", is a domestic, non-profit corporation organized under the laws of the Commonwealth of Puerto Rico. Baldwin is a PPK-12, college preparatory English language day school, located at Carr. 833 Km. 13.1, Los Filtros, Guaynabo, PR, Bayamón 00969, Puerto Rico. Its mail address is PO Box 1827 Bayamón, Puerto Rico 00960. Its telephone number is 787-720-2421. Baldwin employs more than one hundred (100) employees.

9. Baldwin's designated office's address at Puerto Rico's Department of State is Carr. 833 Km. 13.1, Los Filtros, PO Box 1827, Bayamon, PR, Guaynabo, PR 00960-1827. The name of its resident agent is James L. Nelligan, whose address is Calle Rey Luis #435 La Villa de Torrimar, Guaynabo, PR 00969.

10. Codefendant ABC Insurance Company is an entity organized and/or authorized to conduct business relating to insurance within the Commonwealth of Puerto Rico (hereinafter referred to as "Insurer") who during the period comprised by the charges in this complaint was providing applicable insurance coverage for anyone of Defendants. The name of the insurance company is unknown to the Plaintiff at the time but upon discovery will move the Court for the substitution of its identity.

3

11. John Doe is a natural person, or a corporation, authorized to do business in the Commonwealth of Puerto Rico, who at all relevant times was responsible for the acts alleged in the Complaint.

## THE FACTS

12. Plaintiff began working at Baldwin in March 2005, as a Technology Assistant.

13. As Technology Assistant Plaintiff's duties and responsibilities were to helps users resolve issues with computer hardware or software, respond to user inquiries, assess problems and issues with IT equipment and applications, help resolve these issues for users and to assist the Director of Technology. Luis handled user's queries, resolved IT support requests, maintained service records, performed systems testing and updates, and maintained related documentation, among similar tasks.

14. Even though Plaintiff and Baldwin executed employment agreements annually, Plaintiff worked at the school uninterruptedly for fifteen (15) years, was subject to disciplinary measures, and had a fixed work schedule.

15. Plaintiff thus had a continuous expectation of employment.

16. The employment contracts covered each year from July until June 30 of the subsequent year. Nonetheless, Plaintiff's functions as a Technology Assistant remained unchanged from year to year.

17. On July 1, 2019 Plaintiff was in a meeting with his immediate supervisor, the newly appointed Director of Technology, José L. Rodríguez, and the Director of the Human Resources Department, Linette Torres. The Director of the Finance Department later joined the meeting.

18.  During the meeting Plaintiff was assigned to manage a program called Managebac, a duty that, for the past fifteen (15) years, had always been assigned to, and had always been the responsibility of the Director of Technology position.

19.  When Plaintiff was assigned to work with the program, he immediately informed all present that he had no training related to said program, given the fact that he was just a computer technician. He informed Mr. Rodríguez that the previous year he had worked with that program because the then Director of Technology, who was not Mr. Rodriguez, was sick at the time. Because of this, he asked them to give him a monetary incentive if he had to work with the program, like the school had done with him the year before. Plaintiff's supervisors responded to his request for an incentive shouting in dislike, issuing denigrating comments, intimidation and shaming, and with arrogance in their responses denied his request. Plaintiff then stated that he felt he was being discriminated against because he was Puerto Rican, because the incentive is given, without hesitation, to other employees who are not Puerto Rican.

20.  Baldwin routinely gives an incentive to all employees that are assigned tasks that are not part of their duties and functions of their job.

21.  On July 2, 2019, the next day after Plaintiff told all present during the meeting that he felt discriminated against because of his national origin and/or race and/or color, as all other personnel which were not Puerto Rican were given incentives, he was suspended from employment without pay, in retaliation for having participated in the protected activity of claiming that he was being discriminated against because of his national origin and/or race and/or color. He was immediately logged out of all computer systems (cancelling his access), was told to collect all his belongings, which he put in a box, and was escorted out of the premises.

22. Plaintiff felt humiliated because he was escorted out of the premises, carrying all his belongings in a box followed by a security guard, Ángel González. As a result of this illegal and discriminatory response, Plaintiff had to seek professional help.

23. In a letter dated July 2, 2019 that Plaintiff was given he was informed he was being suspended without pay for five (5) working days from July 2 until August 2, 2019 (Baldwin was going to be closed from July 8, 2019 through July 31, 2019) because he had allegedly committed acts of insubordination against his supervisor, and had refused to complete the tasks assigned to him by his supervisor. He was informed, furthermore, that his conduct was typified as a direct violation of the school's Code of Conduct, its General Standards of Conduct, its Rules of Conduct, and its Civility Policy, as stated in the Employee Handbook and the employment contract.

24. On July 29, 2019 Plaintiff's legal representative wrote a letter to Mrs. Linette Torres, Director of Human Resources, whereby he requested the school to pay Plaintiff the wages that the employer had withheld when it suspended him without pay.

25. Baldwin was closed from July 8, 2019 until July 31, 2019.

26. On August 5, 2020 Plaintiff returned from his suspension.

27. On August 9, 2019 Plaintiff was handed an employment contract. Then, he found that in this contract his employee status had been changed from an exempt employee to a non-exempt employee, effective August 5, 2019. It is important to note that Plaintiff's duties and responsibilities had not changed enough to require a change in his status as an employee.

28. Because now Plaintiff's employee status had changed, he was then required to punch in and punch out for lunch along with his daily in and out punches.

6

29. Upon his return, Plaintiff was also submitted to a Performance Improvement Plan ("PIP"). In the PIP Baldwin claimed that in June 2019 he had allegedly declined to help and perform some assigned tasks. The alleged aim of the PIP was to assign him some tasks on a weekly basis, which were to be finished by the expected time of completion. The PIP had a start date of August 25, 2019 and an end date of November 25, 2019.

30. The duties assigned to Plaintiff in the PIP were almost impossible to comply within the unreasonable time given to complete them.

31. Nonetheless, the PIP stated that its purpose was to inform Plaintiff that his job performance failed to meet the minimum requirements of the position and to provide him with an opportunity to improve job performance, while it was a device used by Baldwin to make Plaintiff fail.

32. According to the PIP, at the conclusion of the 90-day plan Plaintiff was to meet with his supervisor to review the objectives and goals that had been met. At that time, they were to determine if the 90-day plan had concluded or if further goals needed to be established. If none of the goals were met, further actions could include another PIP or other disciplinary actions.

33. On August 12, 2019 Plaintiff filed a complaint before the EEOC (Charge No. 515-2019-00482), claiming he was retaliated against after he participated in protected activity after having claimed he had been discriminated against because of his national origin and/or race and/or color.

34. On September 30, 2019 Plaintiff was given a disciplinary written warning, for committing insubordination and policy violations, for allegedly failing to follow school policy.

35.     In the warning issued seven (7) days after the filing of his EEOC charge the school alleged that on August 5, 2019 Plaintiff had been informed that his exemption status had changed from exempt to non-exempt, per an alleged finding that his position did not qualify to be exempt, as it had been in the past fifteen (15) years.

36.     Baldwin stated in the September 30, 2019 warning, furthermore, that he refused to follow school policy, despite the fact that he was told that he had to punch in and out for lunch. Baldwin claimed that after three (3) months Plaintiff refused to follow company policy regarding the time and attendance system.

37.     Even though Plaintiff complied with the PIP the employer intensified its acts of retaliation against Plaintiff, in retaliation of having filed the EEOC complaint.

38.     On November 12, 2019 Plaintiff was terminated from his employment, in retaliation, for having presented a claim of retaliation before the EEOC.

39.     In support of its decision to terminate Plaintiff, Baldwin claimed that he had hacked the information system of the school.

40.     Baldwin intensified its retaliatory actions against Plaintiff for filing an EEOC charge by terminating his employment in November 2019.

41.     On February 19, 2020 Plaintiff filed another retaliation charge before the EEOC. Plaintiff claimed that Baldwin falsely accused him of illegally accessing its internal technology system after being investigated by "various security companies." Plaintiff also alleged that after his termination Baldwin provided negative employment references to potential employers.

42.     Baldwin further retaliated against Plaintiff by falsely accusing him and referring him to the Federal Bureau of Investigation (FBI), for allegedly accessing illegally its internal technology system.

43. Defendants intentionally discriminated against Plaintiff because of his national origin and/or race and/or color because he was treated differently than similarly situated employees.

44. Defendants' intentional and negligent actions caused Plaintiff severe emotional distress, pain and suffering, caused by the defendant's intentional conduct in reckless disregard of the law.

45. Defendants engaged in discriminatory practices with malice and reckless indifference to Plaintiff's' federally protected rights.

46. As a result of defendants intentional conduct, Plaintiff has suffered economic and non-economic damages in an amount of no less than $300,000.00.

47. Plaintiff ceased to enjoy the benefits of his continuous employment due to the illegal acts of his employer and its agents such as continuing of accrual of leave, licenses, bonus and medical insurance, among others.

**FIRST CAUSE OF ACTION**
**VIOLATION OF PUERTO RICO LAW NO. 100 OF JUNE 30, 1959**

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint.

49. Defendants discriminated and took adverse employment against Luis because of his national origin and/or race and/or color. Luis was treated differently than other workers who are not Puerto Rican.

50. Defendants have engaged in unlawful and willful employment practices and have discriminated and taken adverse employment actions against Plaintiff on account of his national origin and/or race and/or color.

9

51. Defendant's actions have caused Plaintiff and his family emotional and economic damages.

52. As a result of his employer's discriminatory actions, Plaintiff is entitled to back pay, liquidated damages, double damages, punitive damages, prejudgment interest, reasonable attorneys fees and court costs, as well as front pay, in an amount of no less than $300,000.00.

## SECOND CAUSE OF ACTION
## RETALIATION (State and Federal Law)

53. Luis repeats and realleges each and every preceding allegation as if fully set herein.

54. Luis was subjected to unlawful conduct by defendant in retaliation for having engaged in protected activity.

55. As described above, during the meeting held in July 2019 with the Human Resources Director and his immediate Supervisor, Plaintiff participated in protected activity when he claimed he was being discriminated against because he was Puerto Rican. Immediately thereafter, he was suspended from work. Upon his return he was subjected to an ill designed Performance Improvement Plan (PIP) containing unrealistic expectations, to set him up for failure.

56. Baldwin retaliated against Plaintiff for his participation in a protected activity during the July 2019 meeting. Baldwin retaliated against Plaintiff when he was suspended without pay and by placing him on a PIP.

57. Baldwin retaliated against Plaintiff furthermore after he filed a charge of retaliation before the EEOC when he was dismissed from his employment. Baldwin intensified its retaliatory actions which culminated in Plaintiff's termination and falsely accusing him and referring him to the FBI, for allegedly accessing illegally its internal technology system.

58. Baldwin took retaliatory actions against Luis with respect to his terms, conditions and privileges of employment because of protected activity.

59. As a direct result of Baldwin's unlawful employment practices, Luis is suffering and will continue to suffer severe mental, psychological, moral and emotional pain, anguish and distress, and has sustained a loss of happiness, and a loss of the capacity to enjoy life.

60. Defendant, its agents, servants and/or employees, by their conduct herein alleged, intentionally, willfully and without justification, with malice or reckless indifference to the federally protected rights of Luis, deprived him of his rights, privileges and immunities secured by the Constitution, and the laws of the United States, particularly his right to be free of retaliation in the work place.

61. As a direct result of the aforementioned retaliatory conduct, Luis has suffered severe mental, psychological, moral and emotional pain, anguish and distress, and has sustained a loss of happiness, loss of the capacity to enjoy life, a diminishment of the capacity to love and an impairment of the capacity to perform the activities common to a women of his age and sex. Luis is entitled to receive, as a just and fair compensation for the aforestated damages, the maximum compensatory amount allowed by 42 U.S.C. Sec. 1981a.

62. Defendant's actions have caused Plaintiff and his family emotional and economic damages.

63. Hence, pursuant to 42 U.S.C. Sec. 1981a, Plaintiff is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful employment practices.

64. Luis is entitled to receive, as compensatory and punitive damages, the maximum amount allowed by law.

65. Luis has also sustained a loss of earnings as a direct result of the unlawful discharge. Defendant is liable to Plaintiff for back and future pay. These damages are estimated in an amount of no less than $1,200,000.00.

66. In addition, pursuant to 42 U.S.C. Sec. 2000E-5(k), rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. Sec. 1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

67. Plaintiff is entitled to an award of damages of no less than $1,000,000.00 in compensatory and punitive damages, plus a reasonable amount of attorney's fees, the costs of this action, and pre-judgment and post judgment interest, and any other further relief as is just under the circumstances.

68. Defendants are liable to plaintiff for all damages caused under the federal statutes and for double the damages under local law as a result of their retaliatory conduct.

### THIRD CAUSE OF ACTION
### Unjust Dismissal

69. Luis repeats and realleges each and every preceding allegation as if fully set herein.

70. Plaintiff worked at Baldwin was fourteen (14) years.

71. Plaintiff was dismissed without just cause.

72. Plaintiff is entitled to a severance of three (3) months' pay plus two (2) weeks of pay for each year worked or twenty-eight (28) weeks of pay.

73. Plaintiff's highest compensation for the last three (3) years prior to his termination was $47,424.00 approximately.

74. Plaintiff is thus entitled to the payment of a severance of $11,856.00 (3 months' pay) plus $25,536.00 (14 weeks of pay) for a total severance of $37,392.00 under Puerto Rico Law No. 80.

75. Plaintiff is entitled to attorney's fees and prejudgment interest on this claim.

## FOURTH CAUSE OF ACTION
### Negligent/Intentional Infliction of Emotional Distress

76. Luis repeats and realleges each and every preceding allegation as if fully set herein.

77. Baldwin was negligent in interfering with Plaintiff's rights under the law and in retaliating against him, as alleged above, and dismissing him without just cause.

78. Plaintiff's emotional injuries are the proximate cause of Baldwin's actions and omissions in negligently/intentionally depriving him and interfering with his federally protected rights.

79. Defendant's actions have caused Plaintiff and his family emotional and economic damages.

80. As such, Baldwin is liable under Art. 1802 of the Civil Code of Puerto Rico for all the damages suffered by the Plaintiff as a result of the foregoing, which are estimated in amount of no less than $300,000.00.

## PRAYER

Wherefore, premises considered, Plaintiff demands judgment against defendants for the following:

1. Enter Judgment against defendants in an amount of no less than $1,000,000.00, plus state law remedies of double damages.

2. Award Plaintiff costs, interests, expenses and attorneys fees, as provided by law;

3. Plaintiff requests any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available;

4. Compensatory damages for Plaintiff in an amount no less than $1,200,000.00;

5. Punitive damages;

6. Back pay;

7. Front pay;

8. Plaintiff requests state law remedies of double damages;

9. Preliminary and permanent injunctive relief, enjoining defendants from engaging in such unlawful conduct.

10. The payment of the severance she is entitled to due to her unjust termination.

11. Plaintiff further demands trial by jury on all issues.

12. All defendants are jointly and severally liable to Plaintiff.

13. Plaintiff request Jury Trial.

Wherefore, premises considered, plaintiff demands judgment against defendants for compensatory damages and all damages claimed herein in an amount of no less than $3,137,392.00, plus state law remedies of double damages, exclusive of interest, legal fees and costs, and grant plaintiff such other relief as is warranted under the circumstances. Plaintiff further demands trial by jury on all issues.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 7th day of October of 2020.

**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
Calle Escorial 382
Urb. Caparra Heights
San Juan, P.R. 00920

Telephone 787-774-8200
Facsimile 787-774-8297

/S/MANUEL PORRO-VIZCARRA
USDC # 207006
mpv@mpvlawpr.com

/S/MYRMARIE LABORDE VEGA
USDC # 226107
ml@mpvlawpr.com